IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
                                        )
SAPPHIRE BEACH RESORT AND MARINA        )
CONDOMINIUM ASSOCIATION,                )
                                        )
              Plaintiff,                )    Civil No. 2002-50
                                        )
         v.                             )
                                        )
RUBY PACHECO-BONANNO, THE UNITED        )
STATES SMALL BUSINESS                   )
ADMINISTRATION and CITIBANK, N.A.       )
                                        )
              Defendants.               )
_____ )
                                        )
                                        )
RUBY PACHECO-BONANNO,                   )
                                        )
         Third-Party Plaintiff,         )
                                        )
         v.                             )
                                        )
BAYSIDE RESORTS, INC., and EDWARD       )
M. BARRY,                               )
         Third-Party Defendants.        )
                                        )
_____ )
```

**Attorneys:**

**George Ethridge, Esq.**
St. Thomas, U.S.V.I.
**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For Sapphire Beach Resort and Marina Condominium*
    *Association,*

**Sharon Schoenleben, Esq.**
St. John, U.S.V.I.
    *For Ruby Pacheco-Bonanno,*

**Timothy J. Abraham, AUSA**
St. Thomas, U.S.V.I.
    *For Small Business Administration,*

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 2

**Charles S. Russell, Esq.**
St. Thomas, U.S.V.I.
    *For Bayside Resorts, Inc.*


## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Several motions in the above-captioned action are now before the Court:

1.   Defendant the United States Small Business Administration (the "SBA") moves for summary judgment and to dismiss this action against it;

2.   Third-party defendant Bayside Resorts, Inc. ("Bayside") moves to dismiss this action against it; and

3.   Defendant and third-party plaintiff Ruby Pacheco-Bonanno ("Pacheco-Bonanno") moves to remand this action to the Superior Court of the Virgin Islands (the "Superior Court").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff SBRMCA manages a condominium development at Sapphire Beach Resort on St. Thomas, U.S. Virgin Islands. Defendant and third-party plaintiff Lisa M. Bonanno ("Bonanno") owned a condominium at the Resort.[1] SBRMCA filed a debt and foreclosure action in the Superior Court against Bonanno, and

---

[1]   Pacheco-Bonanno was substituted for Bonnano. (*See* Order, Aug. 1, 2003.)

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 3

named the SBA and Citibank, N.A. as junior lienholders.  SBRMCA claims that Bonanno is in default on payments of common charges and assessments associated with her condominium.  Bayside is the entity that handles Sapphire's maintenance billing.  The SBA later removed the action to this Court.

The SBA moved to dismiss this action against it in November, 2005.  Attached to the SBA's motion to dismiss is an affidavit indicating that the SBA no longer has any interest in the case. As the Court noted in a previous order dated May 23, 2007, although the SBA's motion was captioned as a "Motion to Dismiss," it seeks relief based on an affidavit, which is not attached or connected to the Complaint.  When "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment [under Federal Rule of Civil Procedure 56]." Fed. R. Civ. P. 12(b); *accord Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004).

Accordingly, in its May 23, 2007 Order, the Court gave notice to the parties that the SBA's motion to dismiss would be converted into a motion for summary judgment.  The Court ordered the parties to file any responses to the SBA's motion by June 8, 2007.  The Court further ordered the SBA to file any reply by June 22, 2007.  Pacheco-Bonanno filed a response in support of the SBA's motion.  SBRMCA filed a response opposing the SBA's

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 4

motion.  The SBA did not file a reply.[2]

## II. <u>DISCUSSION</u>

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial.  *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991).  "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a

---

[2]  The Court held a hearing in this matter on December 7, 2007.  Thereafter, the Court ordered the SBA to file an additional brief regarding the recordation of the assignments of its two liens, and the jurisdictional effect, if any, of the non-recordation of those assignments.  The Court allowed any other party to supplement the record on those same issues.  SBRMCA filed a reply brief.

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 5

verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 249 (1986).  "[A]t the summary judgment stage the
judge's function is not himself to weigh the evidence and
determine the truth of the matter but to determine whether there
is a genuine issue for trial." *Id*.  In making this determination,
this Court draws all reasonable inferences in favor of the
non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850
(2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d
Cir. 1994).

### III. <u>ANALYSIS</u>

Attached to the SBA's motion for summary judgment is the
affidavit of an SBA employee.  The affidavit states that the SBA
provided two separate loans to Bonanno and Splash-N-Dash, Inc. -
an entity of which Bonanno was a principal - in 1990 and 1991,
respectively.  The affidavit further states that the SBA sold
both loans to Beal Bank and CFSC Consortium, LLC, respectively,
in or about 2001.  Finally, the affidavit states that because of
the sale of the loans, the SBA no longer has title to, any
rights, or other interest in the loans.  Accordingly, the SBA now
argues that it should not be a party in this action.  The SBA has
thus met its initial burden of showing that no genuine question
of material fact exists concerning its interest in this action.

Pacheco-Bonanno has filed a response concurring with the

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 6

SBA's position, and thus requests that the SBA's motion be granted.  Pacheco-Bonanno asserts that the two loans formed the sole basis for the SBA's removal of this action to this Court. Pacheco-Bonanno further asserts that the SBA assigned its interest in the two loans to commercial lenders in 1999 and 2001, respectively.[3]  Pacheco-Bonanno argues that because the loans were sold before the SBA was given notice of this action and before the SBA removed the action to this Court, the SBA never had any interest in the loans at the time the suit was filed. Consequently, Pacheco-Bonanno argues that this Court never had jurisdiction over this action, and should thus dismiss the SBA and remand the action to the Superior Court.

SBRMCA has filed an opposition to the SBA's motion.  SBRMCA asserts that the SBA assigned one of the loans to a commercial lender and that this assignment was recorded.  SBRMCA further asserts that the SBA's assignment of the other loan was not recorded.  Consequently, SBRMCA contends that the SBA continues to be the record mortgagee of that loan.  SBRMCA argues that if a foreclosure sale proceeds without the SBA being expressly included in the foreclosure judgment as a second mortgagee, the

---

[3]  The affidavit attached to the SBA's motion states that both loans were sold in 2001.  Pacheco-Bonanno asserts that one loan was sold in 1999 and the other in 2001.  This discrepancy is immaterial for the purpose of the motion now before the Court.

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 7

second mortgage will not be cancelled and will survive the

foreclosure sale.  Thus, SBRMCA maintains that the SBA remains an

"essential party defendant."  (Pl.'s Resp. to Def.'s Mot. to

Dismiss 5.)  SBRMCA's arguments are unavailing.

The basis for the SBA's removal of this action from the

Superior Court to this Court is title 28, section 1444 ("section

1444").[4]  Section 1444 provides:

> Any action brought under section 2410 of this title
> against the United States in any State court may be
> removed by the United States to the district court of
> the United States for the district and division in
> which the action is pending.

28 U.S.C. § 1444.  Title 28, section 2410 ("section 2410")

provides:

> (a)  Under the conditions prescribed in this section
>      and section 1444 of this title for the protection
>      of the United States, the United States may be
>      named a party in any civil action or suit in any
>      district court, or in any State court having
>      jurisdiction of the subject matter--
>
>      (1)  to quiet title to,
>      (2)  to foreclose a mortgage or other lien upon,
>      (3)  to partition,
>      (4)  to condemn, or

---

[4]  Title 28, section 1444 provides that

[a]ny action brought under section 2410 . . . against
the United States in any State court may be removed by
the United States to the district court of the United
States for the district and division in which the
action is pending.

28 U.S.C. § 1444.

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 8

> (5)  of interpleader or in the nature of
>       interpleader with respect to,

real or personal property on which the United States
has or claims a mortgage or other lien.

28 U.S.C. 2410(a).  In its notice of removal, the SBA, as the
holder of two mortgages, alleged that this Court has
jurisdiction pursuant to section 2410(a)(2).

Thus, for section 2410 to be applicable in this action,
SBRMCA must be attempting to foreclose a lien on land on which
the SBA has or claims a lien. *See Stapleton v. Two Million Four
Hundred Thirty-Eight Thousand, One Hundred & Ten Dollars*, 454
F.2d 1210, 1219 (3d Cir. 1972) (discussing the applicability of
section 2410); *see also* H.R. Rep. No. 92-1559, 92d Cong., 2d
Sess. 6 (1972), *reprinted in* (1972) U.S. Code Cong. & Ad. News
4547, 4552) (noting that section 2410 "allows suits to be
maintained when the Government's claim is in the nature of a
security interest only"), *cited with approval in United States v.
Bedford Assocs.*, 657 F.2d 1300, 1317 (2d Cir. 1981).

Here, SBRMCA does not contest that the SBA has sold its
loans and thus no longer has "a security interest" in those
loans.  Nor does SBRMCA assert that the SBA "claims a mortgage or
other lien" within the meaning of section 2410. *See*, *e.g.*, *Bank
of Hemet v. United States*, 643 F.2d 661, 665 n.1 (9th Cir. 1981)
(reasoning that section 2410 applies to "actions affecting

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 9

property on which the United States has a lien"); *Erickson v.*

*United States*, 780 F. Supp. 733, 736 (W.D. Wash. 1990) ("The

United States cannot be said to 'claim a lien' [under section

2410] in the property in question, which was sold more than two

years ago."); *cf. Miller v. United States*, 817 F. Supp. 1493,

(E.D. Wash. 1992) (denying an order for remand on the ground that

"[t]his court has subject matter jurisdiction pursuant to

[section] 2410, because this action is against the United States

and seeks to . . . quiet title to assets in which the United

States claims an interest"), *aff'd* No. 93-36007, 1994 U.S. App.

LEXIS 33123 (9th Cir. Nov. 21, 1994).

To the extent SBRMCA maintains that the SBA still has a

stake in this action by virtue of its status as record holder of

one of the loans, that argument is deficient.  Nothing in the

plain language of section 2410 suggests that this section applies

solely by virtue of the United States' status as a record holder

of a mortgage.  Indeed, the Restatement (Third) of Property:

Mortgages supports this view by making clear that the recordation

of a mortgage is merely advisory.[5]  Moreover, SBRMCA's argument

---

[5]  Significantly, the Restatement also suggests that
recordation is meant to protect assignees:

   Recordation of a mortgage assignment is not necessary
   to the effective transfer of the obligation or the
   mortgage securing it.  However, assignees are well
   advised to record.  One reason is that, if the

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 10

that title 28, section 532 of the Virgin Islands Code mandates

the SBA's presence in this matter is likewise unpersuasive.  That

section provides that "a person having a lien subsequent to the

plaintiff . . . secured by the mortgage or other lien which is

the subject of the action, shall be made a defendant in the

action." V.I. CODE ANN tit. 28, § 532.  The fatal flaw in the

SBRMCA's argument is that, as discussed above, the SBA does not

have a lien that is the subject of this matter.[6]

---

        assignment is not recorded, the original mortgagee
        appears in the public records to continue to hold the
        mortgage.  If the mortgagee and mortgagor subsequently
        enter into and record a purported discharge or
        modification of the mortgage without the assignee's
        knowledge or involvement, and the real estate is then
        transferred to a good faith purchaser for value, the
        latter is entitled to rely on the record.  The result
        is to prevent the assignee from enforcing the mortgage,
        in its original form, against the purchaser.

RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 5.4, cmt. b (1997).

        [6]  In support of its argument that the SBA has a lien
because the assignment of one of its liens was not recorded,
SBRMCA invokes title 28, section 127(a) of the Virgin Islands
Code.  That section provides:

        A mortgage may be discharged upon the record thereof by
        the recorder in whose custody it shall be whenever
        there shall be presented to him a certificate executed
        by the mortgagee, his personal representatives or
        assigns, acknowledged or proved and certified as
        prescribed in chapter 3 of this title to entitle a
        conveyance to be recorded, specifying that the mortgage
        has been paid or otherwise satisfied or discharged.

V.I. CODE ANN tit. 28, § 127.  SBRMCA maintains that this
provision signifies that "the mere sale and assignment of the

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 11

Consequently, SBRMCA has not met its burden of showing that a genuine issue of material fact exists with respect to whether the SBA still has an interest in the loans.  Accordingly, the Court will grant the SBA's motion for summary judgment, and dismiss it from this action.

Bayside moves to dismiss this action against it on the ground that this Court does not have subject-matter over the claims raised as to Bayside.  It is axiomatic that a federal court may not exercise authority over a case for which it does not have subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Brown v. Francis*, 75 F.3d 860, 866 (3d Cir. 1996).

The Third Circuit Court of Appeals has remarked that section 2410 "does not of itself confer jurisdiction on district courts." *Hudson County Bd. of Chosen Freeholders v. Morales*, 581 F.2d 379, 382 (3d Cir. 1978).  Rather, section 2410 "is the basis for finding a waiver of sovereign immunity and consequently for allowing the action to go forward." *Id.* at 382-83 (citing *Remis v. United States*, 273 F.2d 293, 294 (1st Cir. 1960)).

The bases for jurisdiction that SBRMCA alleges in its complaint are title 4, section 76[7] and title 28, section 531[8] of

_____

mortgage is not sufficient to discharge the mortgage upon the record." (Pls.'s Reply to Def. SBA's Supplemental Br. 2)

[7]    Title 4, section 76 of the Virgin Islands Code provides, in part:

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 12

the Virgin Islands Code.  These bases of jurisdiction are

grounded exclusively in Virgin Islands law.  SBRMCA

does not allege any basis of federal subject-matter jurisdiction.

Consequently, because the SBA will be dismissed from this action,

the only basis for the exercise of the Court's jurisdiction - the

---

> (a) Subject to the original jurisdiction conferred on
> the District Court by section 22 of the Revised Organic
> Act of 1954, as amended, effective October 1, 1991, the
> Superior Court shall have original jurisdiction in all
> civil actions regardless of the amount in controversy;
> to supervise and administer estates and fiduciary
> relations; to appoint and supervise guardians and
> trustees; to hear and determine juvenile, divorce,
> annulment and separation proceedings; to grant
> adoptions and changes of name; to establish paternity;
> to legitimize children and to make orders and decrees
> pertaining to the support of relations.

V.I. CODE ANN. tit. 4, § 76.

[8] Title 28, section 531 of the Virgin Islands Code
provides:

> A lien upon real property, other than that of a
> judgment, whether created by mortgage or otherwise,
> shall be foreclosed, and the property adjudged to be
> sold to satisfy the debt secured thereby, by an action
> of an equitable nature.  In such action, in addition to
> the judgment of foreclosure and sale, if it appears
> that a promissory note or other personal obligation for
> the payment of the debt has been given by the mortgagor
> or other lien debtor, or by any other person as
> principal or otherwise, the court shall also adjudge a
> recovery of the amount of such debt against such person
> or persons, as the case may be, as in the case of an
> ordinary judgment for the recovery of money.

V.I. CODE ANN. tit. 28, § 531.

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 13

combined effect of section 1444 and section 2410 - is no longer

attendant.[9]

A district court may exercise supplemental jurisdiction

"where state-law claims share a common nucleus of operative fact

with the claims that supported the district court's original

jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308

(3d Cir. 2003) (international quotations omitted).  However, the

exercise of supplemental jurisdiction is a matter of discretion.

*See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

(1966) (stating that "pendent jurisdiction is a doctrine of

discretion, not of plaintiff's right").  Pursuant to 28 U.S.C. §

1367(c)(3), "the district courts may decline to exercise

supplemental jurisdiction . . . if . . . the district court has

dismissed all claims over which it has original jurisdiction."

*See*, *e.g.*, *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 181

---

[9]  The Court notes that the Third Circuit has held that the
United States "cannot . . . divest the court of jurisdiction by
selling the property in issue or releasing its lien on the
property." *Kabakjian v. United States*, 267 F.3d 208, 212 (3d Cir.
2001) (citing *Kulawy v. United States*, 917 F.2d 729, 733-34 (2d
Cir. 1990) (holding that the government cannot "oust the court of
jurisdiction validly invoked" under section 2410 by selling the
property on which it had a lien at the time suit was commenced)).
However, that reasoning appears to apply where the plaintiff
alleges jurisdiction under section 2410 in the complaint.  Here,
as discussed above, SBRMCA alleges jurisdiction arising from
Virgin Islands, not federal, law.  Consequently, the Court is not
"ousted" of jurisdiction by the SBA's sale of its loans.  Rather,
the Court simply does not have jurisdiction because the SBA is no
longer a party.

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 14

(3d Cir. 1999) ("We find that the court acted well within its discretion in dismissing [the plaintiff's] remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction."). Indeed, the dispute that gives rise to this action is better handled by the local courts. *See*, *e.g.*, *640 Broadway Renaissance Co. v. Cuomo*, 714 F. Supp. 686, 692 (S.D.N.Y. 1989) ("The actions against the tenant defendants are basically detailed landlord-tenant matters which would be best brought in the appropriate state landlord-tenant court."); *see also Sladek v. dePlomb*, 981 F. Supp. 1364, 1367 (D. Colo. 1997) (noting that "a landlord-tenant dispute . . . is almost always an inherently local matter . . . ."); *Herian v. United States*, 363 F. Supp. 287, 290 (D.D.C. 1973) ("Landlord and tenant cases are uniquely local."). Accordingly, this action will be remanded to the Superior Court. *See*, *e.g.*, *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) ("[C]ases may be remanded . . . for . . . lack of district court subject matter jurisdiction.") (citing 28 U.S.C. § 1447(c)).

An appropriate order follows.

Dated: December 20, 2007          S\_____

                                        **Curtis V. Gómez**
                                        **Chief Judge**

*Sapphire Beach v. Pacheco-Bonanno*
Civil No. 2002-50
Memorandum Opinion
Page 15

**Copy:**     Hon. Geoffrey W. Barnard
              George Ethridge, Esq.
              James M. Derr, Esq.
              Sharon Schoenleben, Esq.
              Timothy J. Abraham, AUSA
              Charles S. Russell, Esq.
              Carol Jackson
              Claudette Donovan
              Olga Schneider
              Gregory F. Laufer